IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OPTIMUM NUTRITION, INC., )
)
       Plaintiff, )
)
v. ) No. 11 C 5674
)
UPPER 49TH IMPORTS )
INCORPORATED, )
)
       Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

      This matter is before the court on Defendant's motion to abstain and stay. For the reasons stated below, the court denies the motion.

## BACKGROUND

      In 1995, the parties allegedly entered into an oral distribution agreement (Agreement), whereby Defendant would purchase Plaintiff's products for distribution to Canadian retailers. Beginning in 2008, the amount of products that Defendant purchased from Plaintiff allegedly declined. Plaintiff alleges that the reason for the decline was Defendant's failure to adequately promote Plaintiff's

1

products and Defendant's decision to sell Plaintiff's premium products to an international discount retailer at a reduced price. Plaintiff alleges that such actions by Defendant violated the Agreement.

Between August and October of 2010, Defendant allegedly placed various orders with Plaintiff for products that cost in excess of $300,000.00. Defendant allegedly received the products ordered, but failed to pay Plaintiff for the products that Defendant received. Plaintiff alleges that, because of the decline in sales to Defendant and Plaintiff's dissatisfaction with Defendant's distribution of Plaintiff's products, on October 21, 2010, Plaintiff delivered a written thirty-day notice to Defendant, terminating the Agreement effective November 21, 2010.

According to Plaintiff, after November 21, 2010, Plaintiff made repeated demands to Defendant for payment of the amounts allegedly owed to Plaintiff, and Plaintiff allegedly threatened Defendant with litigation to recover such amounts. On May 13, 2011, Defendant allegedly brought a breach of contract action against Plaintiff in Ontario, Canada (Canadian Action). According to Plaintiff, Defendant alleges in the Canadian Action that Plaintiff was "without rights to terminate" the Agreement. (Compl. Par. 62). Plaintiff brought the instant action and includes in its complaint various claims relating to the recovery of the amounts that are allegedly past due and a claim for a declaratory judgment as to whether Plaintiff properly

terminated the Agreement.  Defendant has moved to abstain and stay the instant action until the conclusion of the Canadian Action.  Plaintiff opposes the motion.

**LEGAL STANDARD**

The Seventh Circuit has indicated that where there is parallel litigation and the "federal suit contains claims for both declaratory and non-declaratory relief, the district court should determine whether the claims seeking non-declaratory relief are independent of the declaratory claim." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716 (7th Cir. 2009).  If the claims for non-declaratory relief are dependent on the declaratory claim, the court may "exercise its discretion under *Wilton/Brillhart* and abstain from hearing the entire action." *Id.* at 716-17.  In contrast, if the claims for non-declaratory relief are independent of the declaratory claim, the court "must hear the independent non-declaratory claims," unless the narrow exception carved out in *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800 (1976), applies.  *Id.* at 717.  The Seventh Circuit has also advised that, if the *Colorado River* abstention doctrine does not apply to the independent non-declaratory claims, "[t]he district court then should retain the declaratory claim under *Wilton/Brillhart* (along with any dependent non-declaratory claims) in order to avoid piecemeal litigation." *Id.*

**DISCUSSION**

Defendant argues that the Court should abstain from exercising jurisdiction over the instant action until the Canadian Action has concluded.

I. Dependency of Claims for Non-Declaratory Relief

As discussed above, in considering whether to abstain from exercising jurisdiction, the court must first determine whether the claims for non-declaratory relief are independent of the declaratory claim. In determining whether claims for non-declaratory relief are independent of the declaratory claim, the court examines whether such claims have their "own federal subject-matter-jurisdictional basis" and whether the viability of such claims is "wholly dependent upon the success of the declaratory claim." *Id.* at 717 n. 6. The latter test requires the court to determine whether "there are claims in the case that exist independent of any request for purely declaratory relief, that is, *claims that would continue to exist if the request for a declaration simply dropped from the case.*" *Id.* (emphasis in original)(citations omitted)(internal quotations omitted).

In the instant action, even if the declaratory claim dropped out of the case, the court would have diversity jurisdiction over Plaintiff's non-declaratory claims. Plaintiff is allegedly a Florida corporation with its principal place of business in

Evanston, Illinois. (Compl. Par. 1). Plaintiff is therefore a citizen of both Florida and Illinois. *See* 28 U.S.C. § 1332(c)(1)(stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Defendant admits that it is a Canadian corporation. (Mot. 2). Plaintiff has alleged that Defendant currently owes Plaintiff $232,764.34. (Compl. Par. 69, 78, 90). Thus, the court has diversity jurisdiction over the non-declaratory claims.

In addition, Plaintiff's non-declaratory claims survive even if Plaintiff does not succeed on its declaratory claim. The declaratory claim relates strictly to Plaintiff's termination of the Agreement and does not relate to any products Defendant purchased from Plaintiff and allegedly refused to pay for. The fact that any amount Defendant might owe to Plaintiff on the non-declaratory claims could be used to set-off any amount Plaintiff owed to Defendant if Plaintiff does not succeed on its declaratory claim is not enough to satisfy the test outlined by the Seventh Circuit. Since Plaintiff's non-declaratory claims are independent of its declaratory claim, the court must exercise jurisdiction over the independent non-declaratory claims, unless the *Colorado River* abstention doctrine applies to such claims.

II. Applicability of *Colorado River* to Independent Non-Declaratory Claims

Defendant argues that the court should abstain from exercising jurisdiction over the instant action based on the *Colorado River* abstention doctrine. The *Colorado River* abstention doctrine recognizes that district courts have "a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress" and that only "in 'exceptional' circumstances" may a federal court "abstain from hearing a suit . . . as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 517 (7th Cir. 2001)(quoting in part *Colorado River*, 424 U.S. at 817)(stating that "only the clearest of justifications will warrant dismissal of the federal action in deference to a concurrent state proceeding in the name of wise judicial administration"). Under the *Colorado River* abstention doctrine, a court may abstain from exercising jurisdiction only if the federal and foreign proceedings are parallel. *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999). Further, in determining whether to abstain under the *Colorado River* abstention doctrine, the court should consider factors such as: "(1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid

piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or foreign law provides the rule of decision; (6) whether the foreign action protects the federal plaintiff's rights; (7) the relative progress of the federal and foreign proceedings; and (8) the vexatious or contrived nature of the federal claim." *Id.* (stating that "[t]he decision to abstain is based on an assessment of the totality of the circumstances, and the Supreme Court has cautioned against placing too much weight on any specific factor").

Defendant argues that the instant action is parallel to the Canadian Action. Actions are deemed to be parallel actions under the *Colorado River* abstention doctrine "'if substantially the same parties are litigating substantially the same issues simultaneously in two fora.'" *Id.* (quoting in part *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir. 1990)). Parallel does not equate to identical, and "the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)(citations omitted). The inquiry turns on whether there is "a substantial likelihood that the foreign litigation will dispose of all the claims presented in the federal case. *Id.* The parties in the instant action are the same parties in the Canadian Action. In addition, the instant action and the Canadian Action relate to the same facts and

7

both require the court to address the rights of the parties under the Agreement. Moreover, any outcome in the Canadian Action will be relevant to the outcome in the instant action  Therefore, the instant action and the Canadian Action are parallel actions.

Since the instant action and the Canadian Actions are parallel, the court must consider whether abstention is warranted in this case based on the factors outline in *Colorado River*, 424 U.S. at 817-19.  Both jurisdictions are proper, and neither forum is more convenient than the other.  Further, although the Canadian Action commenced first, no rulings have been made nor has discovery been completed in the Canadian Action.  In addition, abstention in this case would result in piecemeal litigation.  The instant action is not vexatious or contrived, since Plaintiff should not be forced to litigate its independent non-declaratory claims in the Canadian Action.  Finally, Plaintiff may not receive the same procedural protections if forced to litigate its independent non-declaratory claims in the Canadian Action.  Thus, with respect to Plaintiff's independent non-declaratory claims, consideration of all of the factors weighs against abstention.

Since the court has found that the *Colorado River* abstention doctrine does not apply to Plaintiff's independent non-declaratory claims, pursuant to Seventh Circuit precedent and in order to avoid piecemeal litigation, the court will also

retain jurisdiction over the declaratory claim. *See R.R. Street*, 569 F3d. at 717. Based on the above, the court denies Defendant's motion to abstain and stay.

## CONCLUSION

Based on the foregoing analysis, the court denies the motion to abstain and stay.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 29, 2011

9